# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| | ) **CIVIL ACTION NUMBER:** |
| **v.** | ) ) **COMPLAINT** |
| | ) ) |
| **AUSTAL USA, LLC** | ) **JURY TRIAL REQUESTED** |
| | ) |
| **Defendant.** | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices. As alleged with greater particularity in paragraphs eleven (11) through twenty-one (21) below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Austal USA, LLC ("Defendant" or "Austal") discriminated against Charging Party, Jimmy Cooper ("Charging Party"), by failing to provide him leave as a reasonable accommodation and instead terminating his employment for disability-related absences, all in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama, Mobile Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Mobile, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5), and Section 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and(h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On July 10, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to Charging Party, and inviting

2

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 28, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the charge filed by Jimmy Cooper.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least May 6, 2014, Defendant has maintained and applied in practice an attendance policy which does not consistently provide for reasonable accommodation of qualified individuals with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

12. Since at least May 6, 2014, Defendant has maintained an attendance policy which provides for progressive attendance point accumulation for employees. This policy permits a maximum of eight absences, called "occurrences," in a rolling 12-month period. It applies to all absences, including absences caused by an employee's disability, unless the employee is granted certified leave under the Family Medical Leave Act (FMLA) or is granted leave for holidays, approved vacations, jury duty, bereavement, or other time away from work in accordance with company policy. Excused absences for illness or accidental injury occurring away from work are limited to five days in a rolling twelve-month period even with a valid medical excuse.

13. Defendant's policy states that when an employee accumulates eight occurrences in a rolling twelve-month rolling period "it will normally result in termination of employment."

14. Charging Party is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. Charging Party began working at Austal in or around October 2007 as a Warehouseman. His principal duties were issuing materials to production workers, including safety goggles, power tools, and ear plugs

15. In or around June 2008, Charging Party was diagnosed with Type II Insulin-Dependent Diabetes, which caused him to have significant high and low blood sugar levels that frequently required medical attention, and sometimes required him to be absent or late to work or need to leave work early on short notice.

16. Throughout his remaining term of employment, Charging Party discussed his disability with Austal management and utilized FMLA leave when eligible. Charging Party also visited Austal's on-site nurse for medical treatment related to his disability.

17. In late 2013 or early 2014, Charging Party became a Logistics Associate and received a pay increase and additional duties, including working outside assisting material handlers with banding aluminum and pipe. The increased physical stress Charging Party experienced in this position made controlling his blood sugar levels more difficult, resulting in an increased number of days he was tardy or absent beginning in 2014.

18. On May 6, 2014, Charging Party's blood sugar spiked, causing him to lose consciousness at work and injure his wrist. He subsequently sought medical treatment through Defendant's occupational health clinic, an orthopedist, and his personal physician to treat his injury and control

his blood sugar. Following this incident, Charging Party was absent from work several days during May 2014 due to his disability, and was assessed points for those absences.

19. In December 2014 Charging Party's blood sugar again became elevated, causing him to miss time from work, and he was again assessed points for those absences.

20. Charging Party requested reasonable accommodations for his disability, and flexibility in the application of Defendant's attendance policy with respect to absences and coming to work late or leaving early related to his disability. Charging Party provided medical excuses on multiple occasions related to full day or partial day absences related to his disability and an FMLA certification verifying his medical condition and stating his condition would necessitate absences from work, or being late to work, or leaving work early on short notice on some occasions.

21. Defendant terminated Charging Party on or about January 27, 2015 after he reported late to work due to his disability, pursuant to Defendant's attendance policy, rather than accommodating him through flexibility in application of its attendance policy or any other reasonable accommodations, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

22. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-one (21) above were intentional.

23. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-one (21) above were done with malice or with reckless indifference to the federally protected rights of the Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; (iii) adhere to the amendment; and (iv) notify all former employees discharged under the attendance policy before it was amended of this action, its disposition, and the amendment.

C.	Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D.	Order Defendant to make whole Charging Party by providing appropriate compensation for the past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs eleven (11) through twenty-one (21) above, including by not limited to relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through twenty-one (21) above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041