UNITED STATES DEPARTMENT OF LABOR
OFFICE OF WORKERS' COMPENSATION PROGRAMS
SIXTH COMPENSATION DISTRICT

In the matter of the claim for compensation under the
Longshore and Harbor Workers' Componsation Act

4769218 AP

COMPENSATION ORDER
SETTLEMENT - SECTION 8(i)
CASE NO. 06-303574

Jimmy Cooper
   Claimant,

Austal USA, LLC
   Employer,

American Longshore Mutual Assn., Ltd/
American Equity Risk Services
   Carrier.

     Pursuant to agreement and stipulation by and between the interested parties, Jimmy Cooper, (Claimant), Austal USA, LLC, and Douglas L. Brown (representative for Employer/Carrier) and such further investigation in the above entitled claim having been made as is considered necessary, and no hearing having been applied for by any party in interest, or considered necessary by the District Director, the District Director makes the following:

## FINDINGS OF FACT

1.    On May 6, 2014, the Claimant herein, while employed by the Employer herein, sustained injury to his right arm.

2.    The liability of the Employer for compensation under the Longshore and Harbor Workers' Compensation Act was insured by American Longshore Mutual Assn. Ltd/American Equity Risk Services.

3.    As a result of said injury, the Claimant sustained temporary total disability for which compensation was not paid.

4.    The parties have agreed on the pertinent issues and desire to settle the claim on the following basis:

     **A lump sum payment to Claimant of $3,338.00 will be paid to the Claimant by the Employer/Carrier. This payment will settle future compensation in the amount of $2,588.00 and future medical benefits in the amount of $750.00. Claimant will also receive $500.00 from his claim under the Alabama State Workers Compensation Act.**

**Total Settlement: $3,338.00**

Exhibit D

5.      The District Director, pursuant to the authority vested in him in Section 8(i) of the Longshore and Harbor Workers' Compensation Act, as amended, finds this settlement is adequate and not procured by duress, approves the agreed settlement, and effects a final disposition of this claim, discharging the liability of the Employer and Insurance Carrier for such compensation and medical benefits.

## ORDER

It is ORDERED that the Employer and Insurance Carrier shall pay forthwith all amounts due in accord with the settlement agreement.

Given under my hand and filed at Jacksonville, Florida, this __7th__ day of __MAY__ 2015

Kristina K. Hall, Acting District Director
Sixth Compensation District

## CERTIFICATE OF FILING AND SERVICE

I certify that on **MAY 7**, 2015, the foregoing Compensation Order was filed in the Office of the District Director, Sixth Compensation District and a copy thereof was mailed on said date by certified mail to the parties and their representatives at the last known address of each as follows:

Jimmy Cooper
Address redacted
Claimant

Austal USA, LLC
P.O. Box 1049
Mobile, AL 36633
Employer

American Longshore Mutual Assn. Ltd.
C/o American Equity Risk Services
3838 N. Causeway Blvd. #2424
Metairie, LA 70002
Carrier

Douglas L. Brown, Esquire
Brady Radcliff & Brown
P.O. Box 1668
Mobile, AL 36633
Attorney for Employer

_____
Kristina K. Hall, Acting District Director
Sixth Compensation District
U. S. Department of Labor
Office of Workers' Compensation
400 W. Bay Street, Suite 63-A Box 28
Jacksonville, Florida 32202

If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof. The additional amount shall be paid at the same time as, but in addition to, such compensation. The date compensation is due is the date the District Director files the decision or order in his/her office.

***POSTSCRIPT TO SELF-INSURED EMPLOYER/INSURANCE CARRIER: Please submit Form LS-208 to indicate payment in accordance with the attached Compensation Order within 16 days of the payment. Failure to do so shall result in a $110.00 penalty per Section 14(g) of the Longshore Act.