

May 20, 2015

**VIA EMAIL**
Ms. Erika LaCour
U.S. Equal Employment Opportunity Commission
Mobile Local Office
63 South Royal Street, Suite 504
Mobile, AL 36602

Re:   **Charging Party:   Jimmy A. Cooper**
      **Respondent:       Austal USA, LLC**
      **Charge No.:       425-2015-00523**

Dear Ms. LaCour:

Pursuant to my conversation with Ms. Creagh this morning during which she conveyed the EEOC's request for a copy of the settlement agreement referenced in my May 18, 2015 correspondence, enclosed please find same. I also enclose herewith a copy of the USDOL's Order approving the LHWCA settlement (as that approval is referenced in the settlement agreement).

Because the settlement is confidential, it should not be disclosed in the event of a FOIA request, except as otherwise authorized by FOIA (e.g., notice to Austal, resolution of objections prior to disclosure, etc.). I thank you in advance for your attention as to the confidentiality at issue.

Thank you, and of course, please do not hesitate to contact me if you should need to speak with me further at any time.

Sincerely,

*/s/ Kristin Taylor Parsons*

KRISTIN TAYLOR PARSONS
Associate General Counsel

Enclosure: as stated

---

Street Address: 100 Addsco Road, Mobile, AL 36602 • Mailing Address: P.O. Box 1049, Mobile, AL 36633
Main: (251) 434-8000 • Direct: (251) 445-5107 • Facsimile: (251) 445-1961 • E-Mail: kristin.parsons@austalusa.com

# AGREEMENT AND GENERAL RELEASE

Jimmy Cooper, Social Security Number ▇▇▇▇ (the "Employee"), as set forth in this Agreement and General Release ("Agreement"), hereby settles any potential claims against Austal USA, LLC (the "Company"), on a mutually satisfactory and final basis and agrees as follows:

1. Subject to receipt of administrative approval of the Settlement Agreement of Employee's claims against the Company and the American Longshore Mutual Assn., Ltd., under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and the Alabama Workers' Compensation Act ("AWCA") arising out of an injury on May 6, 2014, for payments to Employee totaling $3,838.00 and other good and valuable consideration, the receipt of which is hereby acknowledged (hereinafter, "the Settlement"), Employee hereby voluntarily resigns any employment relationship he may have with the Company and waives any right to employment or re-employment with the Company and also agrees he will not in the future apply for employment or re-employment with the Company, either directly or indirectly. Employee further agrees the Settlement shall constitute good and sufficient grounds for the Company to refuse to employ or re-employ him should he seek such employment or re-employment, and agrees that if he becomes employed or re-employed with the Company, either directly or indirectly, without having obtained a written waiver of this provision from an executive officer of the Company he will resign such employment upon request by an executive officer of the Company.

2. As part of the Settlement, Employee also waives and releases any and all rights or claims, whether presently known or unknown, he may have against the Company as of the date of his signing this Agreement, including any rights or claims which arise out of or are related in any way to his employment with, or separation of employment from, the Company. This release

includes, but is not limited to, all rights or claims which arise under federal, state, or local law for discrimination, including all claims made or which could have been made in EEOC Charge 425-2015-00523, including but not limited to any claims under the Age Discrimination in Employment Act, breach of employment contract, harassment (sexual or otherwise), wrongful discharge, constructive discharge, retaliation, fraud, misrepresentation, defamation, violation of public policy, intentional infliction of emotional distress, invasion of privacy, interference with contract rights or opportunities, negligent and/or wanton supervision, and any other claims of breach of contract or tort. This release includes, but is not limited to, any rights or claims for unpaid vacation, unused sick days/leave, and the like (whether accrued or not).

3. Notwithstanding anything suggested herein to the contrary, nothing in this Agreement shall be construed to interfere with the Employee's rights under either the Older Workers Benefit Protection Act or Section 7 of the National Labor Relations Act; to prohibit Employee from filing a charge with or participating in any investigation or proceeding by any federal, state, or local agency charged with enforcement of any law, though under such circumstances Employee agrees to waive his right to recover monetary damages or individual relief in any charge, complaint, or lawsuit filed by him or by anyone else on his behalf; or to waive any claims arising after the date of execution of this Agreement, including but not limited to claims for breach of this Agreement, or to any claims that may not be released as a matter of law.

4. Employee further agrees his release and covenant not to apply for employment or re-employment includes not only all rights or claims against the Company, but also all such rights or claims (1) against the Company's owners, officers, directors, agents, employees,

shareholders, corporate subsidiaries, parents, and affiliates, whether past or present, and (2) against the successors and assigns of all released parties.

5. Employee agrees that upon his receipt of the payment contemplated by the Settlement, he is not owed any further payments for his past service to the Company but rather, has been paid in full for his past service to the Company up through and including his date of separation of employment from the Company. Employee represents and warrants that as he does not claim and has no claim he is owed any further wages for his past service to the Company, he makes no contention that the Company has denied him any rights under the Fair Labor Standards Act ("FLSA"). Employee is not waiving or compromising any claims under the FLSA but rather, represents and warrants he has no FLSA claims against the Company. Employee further represents and warrants he has no prospective claims against the Company under the Family and Medical Leave Act ("FMLA") and thus, is not waiving or compromising any prospective FMLA claims against the Company.

6. Employee agrees and understands that the terms and conditions of this Agreement and the Settlement are considered confidential, and it is understood that the confidentiality of this Agreement is part of the consideration for the Agreement. In keeping with this provision:

   a. Employee agrees not to disclose the existence of this Agreement or any of its terms or provisions to anyone other than close family members, attorneys and financial advisors. Such individuals must be advised prior to such disclosure of the terms of this confidentiality provision and they must agree to be bound by it.

   b. Employee agrees that neither he nor his attorneys, financial advisors or close family members will, directly or indirectly, disclose or publicize in any news, communication or marketing media the existence of this Agreement or the facts, terms or

conditions of this Agreement except as necessary to enforce this Agreement or as reasonably necessary in connection with financial or due diligence matters, requests from auditors, or as may be required by law or regulatory authorities having jurisdiction over any party.

c. Employee agrees and understands that if asked about the status or outcome of this matter, he will respond only that "the matter was resolved."

7. This Agreement is a voluntary settlement and not an admission by either Employee or the Company of any liability or wrongdoing by either or any of the released parties. This Agreement shall not be construed to render the Employee a "prevailing party" under any law, order, or regulation allowing attorneys' fees or costs to a party who "prevails" in any manner or sense.

8. Should any provision of this Agreement be held void, unenforceable, or otherwise invalid, that provision shall be deemed severed from this Agreement, and the remaining provisions shall continue in full force and effect.

9. Employee represents and warrants that he does not have an ongoing bankruptcy proceeding.

10. Employee acknowledges he is more than eighteen (18) years of age; has carefully read this Agreement, which is written in a manner calculated to be and is understood by the Employee; has been advised of his right to consult with legal counsel of his own choice or an accountant and/or any governmental agency of his own choice prior to signing this Agreement or at any time within the revocation period identified herein in paragraph 11; has had the opportunity to review this Agreement with legal counsel of his own choice or an accountant, and/or any governmental agency of his own choice; and understands this Agreement releases

and waives known and unknown claims and has other important legal consequences. Employee further acknowledges that no other promises, agreements, or representations, or explanations of any kind have been made to him by the Company to cause him to agree to or sign this Agreement; he has read, knows, and understands the contents of this Agreement including its final and binding effects; this Agreement contains the entire agreement between the Employee and the Company relating to the employment relationship and the matters contemplated by this Agreement and fully supersedes any prior agreements or understandings between the Employee and the Company; and he signs this Agreement knowingly and voluntarily of his own free will.

11. Employee understands and acknowledges he has been given at least twenty-one (21) days to consider the terms of this Agreement and may revoke his acceptance of this Agreement within seven (7) days from his date of signing of this Agreement by notifying the Company in a writing delivered by U.S. Registered or Certified mail or via a nationally-recognized overnight courier service to Doug Brown, Attorney for the Company, at 61 Saint Joseph Street, Suite 1600, Mobile, AL 36602.

_____
EMPLOYEE

STATE OF ALABAMA )

COUNTY OF MOBILE )

On this 17th day of April 2015, before me personally appeared JIMMY COOPER, known to me to be the person who executed the foregoing Employment Separation Agreement and General Release, and who acknowledged that he executed the same of his own free will, with full knowledge and understanding of the contents thereof, and for the sole consideration therein expressed.

_____
NOTARY PUBLIC
My Commission Expires: _____

5

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF WORKERS' COMPENSATION PROGRAMS
SIXTH COMPENSATION DISTRICT

In the matter of the claim for compensation under the
Longshore and Harbor Workers' Compensation Act

4769218 AP

COMPENSATION ORDER
SETTLEMENT - SECTION 8(i)
CASE NO. 06-303574

Jimmy Cooper
    Claimant,

Austal USA, LLC
    Employer,

American Longshore Mutual Assn., Ltd/
American Equity Risk Services
    Carrier.

Pursuant to agreement and stipulation by and between the interested parties, Jimmy Cooper, (Claimant), Austal USA, LLC, and Douglas L. Brown (representative for Employer/Carrier) and such further investigation in the above entitled claim having been made as is considered necessary, and no hearing having been applied for by any party in interest, or considered necessary by the District Director, the District Director makes the following:

### FINDINGS OF FACT

1. On May 6, 2014, the Claimant herein, while employed by the Employer herein, sustained injury to his right arm.

2. The liability of the Employer for compensation under the Longshore and Harbor Workers' Compensation Act was insured by American Longshore Mutual Assn. Ltd/American Equity Risk Services.

3. As a result of said injury, the Claimant sustained temporary total disability for which compensation was not paid.

4. The parties have agreed on the pertinent issues and desire to settle the claim on the following basis:

> A lump sum payment to Claimant of $3,338.00 will be paid to the Claimant by the Employer/Carrier. This payment will settle future compensation in the amount of $2,588.00 and future medical benefits in the amount of $750.00. Claimant will also receive $500.00 from his claim under the Alabama State Workers Compensation Act.

**Total Settlement: $3,338.00**

5. The District Director, pursuant to the authority vested in him in Section 8(i) of the Longshore and Harbor Workers' Compensation Act, as amended, finds this settlement is adequate and not procured by duress, approves the agreed settlement, and effects a final disposition of this claim, discharging the liability of the Employer and Insurance Carrier for such compensation and medical benefits.

## ORDER

It is ORDERED that the Employer and Insurance Carrier shall pay forthwith all amounts due in accord with the settlement agreement.

Given under my hand and filed at Jacksonville, Florida, this 7th day of MAY 2015

Kristina K. Hall, Acting District Director
Sixth Compensation District

CERTIFICATE OF FILING AND SERVICE

I certify that on **MAY 7**, 2015, the foregoing Compensation Order was filed in the Office of the District Director, Sixth Compensation District and a copy thereof was mailed on said date by certified mail to the parties and their representatives at the last known address of each as follows:

Jimmy Cooper
Address redacted
Claimant

Austal USA, LLC
P.O. Box 1049
Mobile, AL 36633
Employer

American Longshore Mutual Assn. Ltd.
C/o American Equity Risk Services
3838 N. Causeway Blvd. #2424
Metairie, LA 70002
Carrier

Douglas L. Brown, Esquire
Brady Radcliff & Brown
P.O. Box 1668
Mobile, AL 36633
Attorney for Employer

Kristina K. Hall, Acting District Director
Sixth Compensation District
U. S. Department of Labor
Office of Workers' Compensation
400 W. Bay Street, Suite 63-A Box 28
Jacksonville, Florida 32202

If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof. The additional amount shall be paid at the same time as, but in addition to, such compensation. The date compensation is due is the date the District Director files the decision or order in his/her office.

***POSTSCRIPT TO SELF-INSURED EMPLOYER/INSURANCE CARRIER: Please submit Form LS-208 to indicate payment in accordance with the attached Compensation Order within 16 days of the payment. Failure to do so shall result in a $110.00 penalty per Section 14(g) of the Longshore Act.