IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 18-416-CG-M ) |
| AUSTAL USA, LLC | ) ) ) |
| Defendant. | ) |

# ORDER

This matter is before the Court on Defendant's motion to re-tax costs (Doc. 102), Plaintiff's opposition thereto (Doc. 104), and Defendant's reply (Doc. 107). For the reasons stated below, the Court finds that Defendant's motion should be granted.

## DISCUSSION

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent other explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures

1

actually made by a litigant in connection with the lawsuit." *Id.* (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." *Id.* (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. *Id.* (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>   (5)   Docket fees under section 1923 of this title;
>
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs that exceed those permitted by § 1920.  *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

Summary Judgment was granted in favor of Defendant, Austal USA, LLC, on March 20, 2020 and the case was dismissed with prejudice. (Docs. 98, 99). Defendant moved to tax costs in the amount of $8,167.84 representing the costs associated with eleven depositions. (Docs. 100).  As mentioned above, § 1920 authorizes a judge or clerk to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920.  Here, the clerk denied the costs based on this Court's Standing Order 13, which in paragraph (1)(a) allows the clerk to tax the costs of an original deposition when "a substantial portion of the deposition was admitted in evidence on the trial of the case." (Docs 101, 101-2).  Since this case was decided prior to trial there were clearly no depositions admitted in evidence during a trial of the case. Under Standing Order 13, any party desiring to tax costs that the clerk has not been given authority to grant, such as "the costs of depositions other than those described in subparagraph (a)", can file a motion to re-tax costs.

Defendant filed the current motion to re-tax seeking $8,167.84 for the costs associated with eleven depositions and attached the affidavit of Kirstin Taylor Parsons (PageID.2869-2870) and an itemization of costs which included the invoices

for the depositions (PageID.2871-2880). Parsons avers that the expenses were "necessary costs that Austal incurred in this cause" and that "such costs were actually and necessarily performed." The motion to re-tax reports that each of the deponents were identified as a fact witness, as an expert, and/or as someone who had information regarding Plaintiff's claim. Additionally, Defendant relied on and cited to the depositions of all eleven deponents in support of their motion for summary judgment.

Plaintiff objects to the motion to re-tax, asserting that the costs should be reduced by $2,775.84. Plaintiff objects to the recovery of the cost of three depositions that included a cost for expedited two-day delivery. The amount charged for expedited delivery is not indicated on the invoices which show only a total amount charged for "Transcript Services" for each deposition. Because the fee for expedited delivery is not broken down in the motion or supporting invoices, Plaintiff argues that the entire transcript services fees charged for the three depositions should be disallowed. The amounts Plaintiff object to are $489.75, $630.63, and $1,655.46 for the depositions of Annette George, Erika LaCour and Jimmy Cooper.

Costs associated with expedited transcripts should not be allowed "as a matter of course, lest litigation costs be unnecessarily increased," however expedited transcripts are sometimes necessary and may be recoverable as a cost. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002). To determine whether expedited transcript costs are taxable, "the Court must discern whether they were 'necessarily obtained for use in the case' or whether they were a

4

mere convenience for counsel." *Durden v. Citicorp Tr. Bank, FSB*, 2010 WL 2105921, at *3 (M.D. Fla. Apr. 26, 2010) (citations omitted).

Defendant asserts that the expedited transcripts were needed to prepare for depositions noticed by Plaintiff that would begin the following week. Defendant's depositions of George, LaCour, and Cooper occurred on September 12 and 13 and depositions noticed by Plaintiff occurred on September 19, 20, 24, and 25, with discovery closing the following week on October 4. Defendant maintains that the parties were mutually diligent in their discovery efforts and that the fact that the depositions were taken later during the discovery period was not due to lack of diligence by either party but rather, a function of written discovery efforts, discovery motion practice and availability of counsel and witnesses. As such, the Court finds that the expense of expediting the transcripts was not incurred merely for the convenience of counsel. It was necessary for Defendant to obtain the transcripts in an expedited fashion so that counsel would have them when the later depositions were taken, especially in light of the looming discovery deadline. *See e.g. Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) (awarding costs for expedited transcript when it was necessary to have the transcript to prepare for another deposition). Accordingly, the Court finds that the expedited transcript costs are taxable.

For the reasons stated above, Defendant's motion to re-tax costs (Doc. 102), is **GRANTED** and Defendants are hereby awarded costs in the amount of **$8,167.84.**

**DONE** and **ORDERED** this   day of May, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE